IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SHANNON S. HAWA-PRITCHETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-CV-05100-WJE |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

### ORDER

Plaintiff Shannon S. Hawa-Pritchett seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434 and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382-1385. Administrative Law Judge Perry L. Franklin ("ALJ") found that although Ms. Hawa-Pritchett had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to perform light work with some limitations. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Hawa-Pritchett protectively filed a claim for DIB and SSI on June 7, 2019. (AR 10). She alleged a disability onset date of October 21, 2018, due to depression, anxiety, sciatica, COPD,

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

memory issues, trouble being in public, panic attacks, pain in her right side, and arthritis. (*Id.* 10, 211). Her claims were initially denied on September 17, 2019. (*Id.* 10). She filed a written request for hearing, which was held on July 27, 2020. (*Id.*). An additional hearing was held on December 7, 2020. (*Id.*).

On February 18, 2021, the ALJ denied Ms. Hawa-Pritchett's claim. (*Id.* 7-22). The ALJ determined that although Ms. Hawa-Prichett had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 13-16). She also determined that Ms. Hawa-Pritchett had an RFC to perform light work with certain limitations, including:

> [She can] lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit up to 6 hours in an 8-hour workday; push and/or pull the same weights at the same frequency; never climb ladders, ropes, and scaffolds; occasionally climb ramps and/or stairs; frequently balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to temperature extremes, humidity/wetness[,] pulmonary irritants, such as chemicals, fumes, dust and gases, vibrations, and hazards, such as unprotected heights and dangerous moving machinery. The claimant can perform simple, routine, repetitive tasks in . . . production environments [that are not fast paced], requiring no contact with the general public, and only occasional, superficial interaction with coworkers and supervisors.

(*Id.* 16). During the hearing on December 7, 2020, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Hawa-Pritchett's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 21, 108-09). The VE testified that such an individual could perform work as a marker or collator operator. (*Id.* 22, 109).

Following the ALJ's decision, Ms. Hawa-Pritchett filed an appeal with the Appeals Council. (*Id.* 1). The Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-3). Because Ms. Hawa-Pritchett has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520 and 416.920; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who

has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Hawa-Pritchett raises one issue in her appeal before the Court. She argues that the ALJ did not properly consider the medical opinion evidence from Dr. Ashish Sharma. (*See* Doc. 14 at 1-2). The Acting Commissioner argues that the ALJ properly considered the medical opinion evidence to formulate Ms. Hawa-Pritchett's RFC, including when he discredited Dr. Sharma's opinion that Ms. Hawa-Pritchett was disabled. (*See* Doc. 15 at 4-10). The Court finds that substantial evidence supports the ALJ's RFC decision because the ALJ properly considered Dr. Sharma's medical opinion. Accordingly, this Court affirms.

"An ALJ may give [treating physician's opinions] 'limited weight' if they 'provide[ ] conclusory statements only, or [are] inconsistent with the record.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015)). "An ALJ may 'discount or even disregard the opinion . . . where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Id.* (quoting *Papesh*, 786 F.3d at 1132). "For example, treating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant can not be gainfully employed, because they are merely 'opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner].'" *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002)).

To formulate Ms. Hawa-Pritchett's RFC, the ALJ considered consultative examiners'

medical opinions and prior administrative findings, describing the persuasiveness of each based on their supportability and consistency with the record. (AR 18-20). The ALJ then addressed Dr. Sharma's opinion, stating that it "is of no evidentiary value . . . [because] Dr. Sharma opines [that] the claimant 'is disabled,'" which is an issue reserved to the Acting Commissioner. (*Id.* 20). While Dr. Sharma was one of Ms. Hawa-Pritchett's treating physicians, his medical opinion contained only a brief description of Ms. Hawa-Pritchett's diagnoses and then stated that Ms. Hawa-Pritchett "[was] disabled from meaningful employment due to [the] severity of her symptoms." (*Id.* 394). The Court finds that Dr. Sharma's opinion could be discredited because it simply states that Ms. Hawa-Pritchett was disabled. *See Stormo*, 377 F.3d at 806. Thus, the ALJ properly considered Dr. Sharma's opinion and relied on other medical assessments that were more supported by and consistent with the record to formulate Ms. Hawa-Pritchett's RFC.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Hawa-Pritchett was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 21st day of July 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge